UNITED STATES of America,
Plaintiff–Appellee,

v.

Reymundo TOLEDO–FLORES,
Defendant–Appellant.

No. 04–41378.
Conference Calendar.

United States Court of Appeals,
Fifth Circuit.

Decided Aug. 17, 2005.

James Lee Turner, Assistant U.S. Attorney, U.S. Attorney's Office, Southern District of Texas, Houston, TX, for Plaintiff–Appellee.

Marjorie A. Meyers, Federal Public Defender, Timothy William Crooks, Assistant Federal Public Defender, Federal Public Defender's Office, Southern District of Texas, Houston, TX, for Defendant–Appellant.

Before BENAVIDES, CLEMENT, and PRADO, Circuit Judges.

PER CURIAM: *

Reymundo Toledo–Flores (Toledo) appeals the two-year sentence imposed following his guilty-plea conviction for improper entry by an alien. Toledo argues that the district court erred by imposing the eight-level increase in U.S.S.G. § 2L1.2(b)(1)(C) (2003) for having a prior aggravated felony conviction. Toledo contends that his Texas state conviction for possession of cocaine is not a qualifying aggravated felony because it is not a felony under the federal Controlled Substances Act. Although Toledo conceded be-fore the district court that this argument was foreclosed by *United States v. Rivera*, 265 F.3d 310 (5th Cir.2001), and *United States v. Hinojosa–Lopez*, 130 F.3d 691 (5th Cir.1997), on appeal he asserts that these decisions are not binding because they conflict with *Jerome v. United States*, 318 U.S. 101, 63 S.Ct. 483, 87 L.Ed. 640 (1943).

Our precedent is clear that Congress has made a "deliberate policy decision to include as an 'aggravated felony' a drug crime that is a felony under state law but only a misdemeanor under the [Controlled Substances Act]." *United States v. Hernandez–Avalos*, 251 F.3d 505, 510 (5th Cir. 2001) (internal quotation marks and citation omitted). A prior conviction for a state drug offense will qualify as an aggravated felony under U.S.S.G. § 2L1.2(b)(1)(C) if it is punishable under the Controlled Substances Act and it is punishable by more than a year of imprisonment under the applicable state law. *See United States v. Sanchez–Villalobos*, 412 F.3d 572, 576 (5th Cir.2005). Toledo's prior offense meets this definition. *See* 21 U.S.C. § 844(a) (2003); Tex. Health and Safety Code Ann. §§ 481.102(3)(D) & 481.115 (Vernon 2001); Tex. Penal Code Ann. § 12.35(a) (Vernon 2001). Accordingly, the judgment of the district court is AFFIRMED.

---

* Pursuant to 5th Cir. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Cir. R. 47.5.4.